NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Zoltan Turi o/b/o Thomas Eros,<br><br>      Plaintiff,<br><br>      v.<br><br>Jo Anne B. Barnhart, COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | CIVIL NO. 06-2438(NLH)<br><br>**OPINION** |

**APPEARANCES:**

Alan H. Polonsky, Esquire
Polonsky & Polonsky, LLC
512 S. White Horse Pike
Audubon, NJ 08106

    Attorney for Plaintiff

Christopher J. Christie
United States Attorney
    By:  Susan Marie Haynes, Esquire
        Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

    Attorney for Defendant

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying the application of

Plaintiff for Disabled Child's Insurance Benefits ("Social Security benefits") under Title II and Title XVI of the Social Security Act.  42 U.S.C. § 401, et seq.  The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled between 1961 and June 14, 1965.  For the reasons stated below, this Court will reverse the decision of the ALJ and remand the matter for further proceedings consistent with this opinion.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

The deceased Plaintiff, Thomas G. Eros, was born on June 14, 1943.[1]  During his early adulthood, Plaintiff attended Columbia University and graduated in 1967.  He last worked in 1963 as a laboratory technician trainee.  On May 21, 2002, Plaintiff applied for disabled child's benefits and Supplemental Security Income ("SSI") benefits.  Plaintiff sought disabled child benefits for the time period between 1961 and June 14, 1965[2], as

---

[1] Eros died during the pendency of his appeal to the Appeals Council.  His interests are being pursued by his former legal guardian, Zoltan Turi.  Because Turi is proceeding on behalf of Eros, the Court will refer to Eros as "Plaintiff."

[2] At the time of his death on July 14, 1966, Plaintiff's father, Gedeon Eros, was insured under Title II of the Social Security Act.  Because Eros was insured when he died, any unmarried, dependant child of Eros who had a disability prior to his twenty-second birthday could apply for disabled child benefits.  Here, Plaintiff is claiming that he had Schizoaffective Disorder since 1961 and is requesting benefits from 1961 to June 14, 1965, when he turned twenty-two.  Although

well as for SSI benefits from May 21, 2002, the date of his application, onward. Plaintiff's alleged disability is Schizoaffective Disorder.

Following a hearing before an ALJ, it was determined that the Plaintiff was disabled as of May 21, 2002 and was entitled to SSI benefits. The ALJ also determined, however, that the Plaintiff was not disabled prior to the age of twenty-two, and was therefore not entitled to disabled child benefits. Plaintiff appealed the ALJ's decision regarding the denial of disabled child benefits, and the Appeals Council denied Plaintiff's request for review.[3] Plaintiff now seeks this Court's review.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g),

---

Plaintiff raises the technical point that a person actually attains an age the day before his birthday--here, June 13, 1965-- this is not dispositive to the issue of the onset date of Plaintiff's disability, which Plaintiff claims to be some time in 1961. See 20 C.F.R. § 404.102.

[3]Plaintiff is not appealing the ALJ's decision granting him SSI benefits for disability as of May, 21 2002.

3

1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

   A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'"  Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

   The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence."  Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections."  Burnett v. Comm'r of

4

Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  Moreover, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp.

5

791, 793 (D.N.J. 1981).

### B. Standard for Disability Insurance Benefits[4]

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical and/or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is

---

[4]It appears that an ALJ must apply the same five-step analysis for a Childhood Disability Benefits claim as for an SSI claim.  See Newell v. Commissioner, 347 F.3d 541, 545-46 (3d Cir. 2003).

6

summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 <u>and</u> has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy. If he is incapable, he will be found "disabled." If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. <u>See</u> <u>Wallace v. Secretary of Health & Human Servs.</u>, 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence. <u>See</u> <u>id.</u> In the final step, the Commissioner bears the burden of proving that work is available for the plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the

Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.   Analysis**

Plaintiff has appealed the ALJ's determination that Plaintiff was not disabled prior to the age of twenty-two and therefore was not entitled to Childhood Disability Benefits, as set forth in Section 402(d) of the Social Security Act. Following the hearing, the ALJ found that Plaintiff had not engaged in any substantial gainful employment since the alleged onset of his disability (Step One).[5]  The ALJ found, however, that there was no evidence that prior to June 14, 1965, Plaintiff had any medically determinable impairment. Consequently, the ALJ found that prior to June 14, 1965, Plaintiff did not have any impairment or impairments that significantly limited his ability

---

[5] Plaintiff testified at the hearing before the ALJ that he last worked as a lab technician trainee in 1963.  (R. at 43.) The ALJ found, however, that Plaintiff had "not engaged in any substantial gainful activity since the alleged onset of disability."  (R. at 19.)  It is unclear whether the ALJ did not consider Plaintiff's job as a lab technician trainee to be "substantial," or whether the ALJ was referring to Plaintiff not having worked since May 21, 2002, the date of Plaintiff's SSI application.  Because, however, Plaintiff does not contest this finding, the Court will not address it, other than to suggest that on remand, the ALJ determine whether Plaintiff's employment in 1963 affects the Step One analysis for Plaintiff's child disability benefits application for the period of 1961 through June 14, 1965.

8

to perform basic work-related activities (Step Two), and, thus, was not disabled.

Plaintiff's appeal presents three main issues for review: (1) whether the ALJ failed to follow Social Security Administration regulations with regard to determining the onset of disability, (2) whether there was substantial evidence to support the ALJ's decision that there is no evidence of a medically determinable impairment on or prior to June 14, 1965, and (3) whether the conduct of the hearing by the ALJ was in accordance with due process of law.

**1. Whether the ALJ failed to follow Social Security Administration regulations with regard to determining the onset of disability**

Plaintiff contends that the ALJ failed to comply with Social Security Ruling 83-20[6] ("SSR 83-20"). SSR 83-20 addresses situations that involve the determination of the onset date of a disability in the absence of contemporaneous medical evidence as to a precise onset date. The Ruling provides,

In disabilities of nontraumatic origin, the determination of

---

[6] "Social Security Rulings are agency rulings published under the authority of the Commisioner of Social Security and are binding on all components of the Administration." Sullivan v. Zebley, 493 U.S. 521, 531 n.9 (1990) (internal quotations omitted). "Rulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts where the facts are basically the same. A ruling may be superseded, modified, or revoked by later legislation, regulations, court decisions or rulings." Heckler v. Edwards, 465 U.S. 870, 874 n.3 (1984) (internal quotations omitted).

9

>onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning the impairment severity. The weight to be given any of the relevant evidence depends on the individual case.
>
>. . .
>
>Medical and Other Evidence
>
>With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process . . . .
>
>Precise Evidence Not Available - - Need for Inferences
>
>In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

SSR 83-20, 1983 WL 31249, at *2-3 (S.S.A).

SSR 83-20 defines the "onset date of disability" as "the first day an individual is disabled as defined in the Act and the regulations." Id. at *1. "In many claims, the onset date is critical; it may . . . even be determinative of whether the individual is entitled to or eligible for any benefits." Id.

Plaintiff makes two arguments with regard to the ALJ's

10

application of SSR 83-20.  First, Plaintiff argues that the ALJ misused the medical expert, Dr. Gotelle, in violation of SSR 83-20.  Second, Plaintiff argues that the ALJ never addressed the onset date of his disability as required by SSR 83-20.  Because the ALJ failed to comply with this regulation, Plaintiff argues that the ALJ's decision must be reversed and remanded.  Defendant counters that the ALJ sufficiently satisfied the requirements of SSR 83-20.

As a primary matter, there is no dispute that the ALJ did not err in applying SSR 83-20 because Plaintiff's disability--schizophrenia--is a slowly progressive impairment, and medical evidence is lacking during the relevant time period.  Further, there is no dispute that the ALJ properly sought counsel of a medical expert, as required by SSR 83-20.  However, despite the fact that the ALJ properly invoked SSR 83-20 and obtained a medical expert, the ALJ failed to perform the one fundamental task that SSR 83-20 requires in the situation presented here--to infer the onset date of Plaintiff's disability.

During the hearing, the medical expert, Dr. Gotelle, testified that he could not diagnose Plaintiff's condition prior to June 14, 1965 because he did not treat Plaintiff at that time and he did not have any contemporaneous medical records on which to base such a decision.  Dr. Gotelle explained to the ALJ that he could not reasonably infer that the onset of Plaintiff's

schizophrenia occurred prior to June 14, 1965 because there was no contemporaneous medical evidence to inform such a judgment. Although Dr. Gotelle repeatedly acknowledged that Plaintiff had been diagnosed and treated for personality and schizophrenic disorders later in life, he did not find those facts alone to support an inference of an earlier onset of disability.

Based on Dr. Gotelle's testimony, as well as a review of the record before him, the ALJ determined that "prior to June 14, 1965, there is no reliable evidence of a medically determinable impairment." (R. at 22.) The ALJ did not make a finding as to what date Plaintiff's disability began.

SSR 83-20 specifically requires that in cases where the onset date is critical to a determination of entitlement to benefits, an ALJ must make an inference of the onset date of that disability. Here, the determination of Plaintiff's onset date is critical, as explained in the nearly identical case, Beasich v. Commissioner, 66 Fed. Appx. 419, 432 (3d Cir. 2003). In Beasich, on October 8, 1996, the plaintiff, then thirty years old, applied for both SSI benefits as well as child disability benefits for a psychiatric condition. Beasich, 66 Fed. Appx. at 421. On his SSI application, the ALJ found plaintiff totally disabled as of August 1, 1996, but the ALJ denied his child disability benefits on his claim that he was disabled since July 1, 1981. Id. at 432.

12

The plaintiff appealed, claiming that the ALJ did not properly apply SSR 83-20. Id. The district court affirmed, but the Third Circuit reversed, finding that because the ALJ determined that the plaintiff was disabled as of August 1, 1996 for SSI benefits purposes, the ALJ was required to determine when the plaintiff's impairments first became disabling. Id. The court explained that an "earlier onset date assessment is mandated when a claimant already has been found disabled and alleges an earlier disability onset date." Id. at 432-33 (citing SSR 83-20).[7]

In this case, Plaintiff was found disabled for his schizophrenia as of May 21, 2002, the date of his benefits application, but not prior to June 14, 1965. Although it could be argued that by finding there was no reliable evidence to establish that Plaintiff was disabled prior to June 14, 1965, the ALJ implicitly made an inference that Plaintiff's disability onset date was after June 14, 1965, and, thus, complied with SSR 83-20, that position would be contrary to the purpose and plain

---

[7] In Beasich, the Commissioner suggested that because it was a childhood disability case, a disability onset date was not necessary. The court noted that although SSR 83-20 states that "[i]n most title II childhood disability cases, a precise onset date need not be established as long as disability is found to have begun prior to the attainment of age 22," because the plaintiff was found to have been disabled as of August 1, 1996, the purpose of the hearing was to determine if the onset of the plaintiff's disability was prior to the age of 22. Beasich, 66 Fed. Appx. at 433 n.17. The same rationale applies here.

language of the regulation.  SSR 83-20 specifically requires that in cases where the onset date is critical to a determination of entitlement to benefits, "an ALJ must grapple with and adjudicate the question of onset, however difficult," id. at 432, and not simply state a general time period when a claimant is or is not disabled.  Indeed, to not require the ALJ to do so would leave Plaintiff "in the awkward position where the Social Security Administration has on one hand identified that [he] is disabled, but on the other hand determined that the disability began on a date significant for no other reason than the fact that [he] filed a piece of paper on that day." Thompson v. Barnhart, 2006 WL 709795, at *17 (E.D. Pa. March 15, 2006).  The regulation is meant to alleviate this problem.

Consequently, because the onset date of Plaintiff's schizophrenia is determinative of whether he is eligible for child disability benefits, the ALJ was required to make an inference of the onset date of Plaintiff's schizophrenia with regard to his child disability benefits.  The ALJ may ultimately infer that the onset of Plaintiff's disability was after June 14, 1965, and thus find that Plaintiff is ineligible to receive child disability benefits, but the ALJ must make the inference.

### III. CONCLUSION

For the reasons expressed above, the decision of the ALJ is

14

reversed and the matter remanded for further consideration.[8] An accompanying Order will be issued.

Date: June 19, 2007              s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[8] Because the Court finds that the ALJ failed to follow Social Security Administration regulations with regard to determining the onset of Plaintiff's disability, Plaintiff's other arguments will not be addressed.